UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:18-cr-203-J-20JRK

MARILYN LATRICE TOMBLIN   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

Defendant asserts that she has satisfied § 3582(c)(1)(A)'s exhaustion requirement based on her request for a transfer to home confinement, which the warden of her facility denied on October 29, 2020. (See Doc. 58, Motion for Compassionate Release at 4; Doc. 58-1, Attachment at 5-7). However, as this Court explained in United States v. Vega, No. 3:18-cr-149-J-34JBT, 2020 WL 6449321, at *1-2 (M.D. Fla. Nov. 3, 2020), a request for home confinement does not satisfy §

3582(c)(1)(A)'s exhaustion requirement because a request for home confinement and a request for a reduction in sentence under § 3582(c)(1)(A) are different remedies that arise under different authorities. To satisfy § 3582(c)(1)(A)'s exhaustion requirement, a defendant must submit a request for a <u>reduction in sentence</u> to the warden of his or her facility and either exhaust administrative remedies or wait 30 days before moving for compassionate release in the district court. Defendant has not yet satisfied this requirement.

The statute's exhaustion requirement is a firm prerequisite to filing a motion for compassionate release in the district court, which is not subject to judicially created exceptions. <u>United States v. Alam</u>, 960 F.3d 831, 833-36 (6th Cir. 2020); <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020). Because Defendant has not yet satisfied the exhaustion requirement, the Motion for Compassionate Release (Doc. 58) is **DENIED WITHOUT PREJUDICE**, subject to renewal upon satisfying one of § 3582(c)(1)(A)'s exhaustion alternatives.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of January, 2021.

HARVEY E. SCHLESINGER
United States District Judge

Lc 19

C:
Counsel of record
Pro se defendant