UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:18-cr-203-HES-JRK

MARILYN LATRICE TOMBLIN  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Marilyn Latrice Tomblin is a 39-year-old inmate incarcerated at Alderson FPC, serving a 48-month term of imprisonment for possession with intent to distribute 500 grams or more of methamphetamine. (Doc. 55, Judgment). According to the Bureau of Prisons (BOP), she is scheduled to be released from prison on March 26, 2022. Defendant seeks compassionate release because of the Covid-19 pandemic, conditions at her facility, and

because she has severe obesity (a body mass index of 42.8), asthma, a history of smoking, hypertension, and prediabetes. (Doc. 60, Motion for Compassionate Release). Defendant also argues that she has little time remaining on her sentence, that she is rehabilitated, and that the § 3553(a) sentencing factors support releasing her early to home confinement. The United States has responded in opposition. (Doc. 62, Response). Although she was not granted leave to do so, Defendant filed a reply brief. (Doc. 63, Reply).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) must prove that a reduction is appropriate). The statute says:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement is U.S.S.G. § 1B1.13, whose operative provisions, including its definition of "extraordinary and compelling reasons," still govern all motions filed under 18 U.S.C. § 3582(c)(1)(A) after the First Step Act. United States v. Bryant, No. 19–14267,

2021 WL 1827158, at *2 (11th Cir. May 7, 2021) (published). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals observes, Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons to warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. According to the Centers for Disease Control (CDC), certain underlying conditions can increase the risk of severe illness from Covid-19.[1] The CDC categorizes these conditions depending on the strength of the evidence supporting an association with severe illness.[2] Two of Defendant's conditions, hypertension and asthma, fall into the lowest category, with only mixed evidence of an association with severe infection. Stronger evidence supports an association between severe illness and two of Defendant's other conditions: severe obesity and a history of smoking. Defendant's final asserted

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html.

condition – prediabetes – does not fall into any category because the CDC does not report an association between that condition and severe Covid-19. That said, Defendant's conditions are not uncommon, and the medical records indicate that they are monitored and/or controlled through medication. (See Docs. 60-4 through 60-7). At 39 years old, Defendant is relatively young, which lessens her risk of severe illness. There is no indication that any of these conditions impair her ability to provide self-care in the prison environment.

Ordinarily, none of Defendant's conditions, alone or in combination, would be considered potential bases for compassionate release but for Covid-19. With the arrival and widespread use of several effective Covid-19 vaccines, Covid-19 case numbers are falling across the United States. At Defendant's facility, zero inmates or staff members are positive for Covid-19, and no inmates or staff have died because of the virus.[3] In addition, 61 staff members and 57 of the facility's 588 inmates have been fully inoculated.

Defendant herself was offered the Pfizer Covid-19 vaccine on January 20, 2021, but she refused it. (Doc. 62-1, Vaccine Record). When Defendant moved for Compassionate Release on March 15, 2021, she stated: "Indeed, there are, now, vaccines available, but on a limited basis. However, it will still be several months until the vaccine is widely available to the general public,

---

[3] https://www.bop.gov/coronavirus/. Last accessed May 11, 2021.

and even later for the prison population as a whole." (Doc. 60 at 51). Defendant implied that the vaccine had not been made available to her. But Defendant deceptively omitted from the Motion that she had been offered the vaccine less than two months earlier and rejected it.

> Courts have recognized—without apparent exception—that a defendant's refusal to be vaccinated substantially diminishes any argument for release premised on the risk posed by COVID-19. See, e.g., United States v. Lohmeier, No. 12-cr-1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021). While [Defendant] has the right to make [her] own healthcare decisions, because [s]he "declined the opportunity to reduce [her] risk exposure to COVID-19 dramatically[,] [s]he cannot reasonably expect that prolonging [her] risk by declining vaccination will be rewarded with a sentence reduction." Id.

United States v. Piles, No. CR 19-292-5 (JDB), 2021 WL 1198019, at *3 (D.D.C. Mar. 30, 2021) (footnotes omitted).[4]

On May 12, 2021, the Court received a "supplement" from Defendant – filed without leave of Court – in which she advised that she received her first dose of the Moderna Covid-19 vaccine on April 27, 2021, and that she is scheduled to receive her second dose on May 25, 2021. (Doc. 64, Supplement). Nevertheless, she claims she is still in jeopardy from Covid-19 pending the completion of her vaccine regimen, and she claims the vaccine does not work well in the real world. This argument is unconvincing. The evidence shows that the Pfizer and Moderna Covid-19 vaccines are effective under real world

---

[4] There is no evidence that Defendant had a reason for rejecting the vaccine other than her own personal reservations.

5

conditions and against emerging variants.[5] That Defendant has received the first dose of the vaccine does not alter the Court's conclusion. Defendant could have been fully vaccinated well before now, but she rejected the first dose in January 2021. She "cannot reasonably expect that prolonging [her] risk by declining vaccination [in January 2021] will be rewarded with a sentence reduction." Piles, 2021 WL 1198019, at *3.

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant was convicted of possession with intent to distribute 500 grams or more of methamphetamine. Specifically, she was responsible for 2.5 kilograms of actual methamphetamine. (See Doc. 50, PSR at ¶¶ 13, 18). Although Defendant received a role reduction because she was a minor participant in the criminal activity (id. at ¶ 21), the PSR gave her a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because she possessed a firearm in the townhome where she received drug shipments (id. at ¶ 19). Compounding matters, Defendant committed the offense despite being on probation for a previous conviction for possession of methamphetamine. (Id. at ¶¶ 38, 40). Defendant benefited

---

[5] According to the CDC, the Pfizer and Moderna Covid vaccines reduced the risk of infection by 80% in real world conditions for those who received a single dose, and it was 90% effective in real world conditions for those who received both doses. https://www.cdc.gov/media/releases/2021/p0329-COVID-19-Vaccines.html#:~:text=A%20new%20CDC%20study%20provides,responders%2C%20and%20other%20essential%20workers. Moreover, early data shows that these vaccines work against emerging variants. https://www.nature.com/articles/d41586-021-01222-5.

6

significantly from a substantial assistance reduction when the Court sentenced her to a term of four years in prison – 60% below the 10-year mandatory minimum sentence applicable under 21 U.S.C. § 841(b)(1)(A)(viii). The Court commends Defendant for making efforts toward self-improvement. However, in view of all the § 3553(a) factors, further reducing her sentence would fail to accomplish the statutory goals of sentencing, including the need to promote respect for the law and to afford adequate deterrence.

Accordingly, Defendant Marilyn Latrice Tomblin's Renewed Motion for Compassionate Release (Doc. 60) is **DENIED**.[6]

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of May, 2021.

HARVEY E. SCHLESINGER
United States District Judge

lc 19
Copies:
Counsel of record
Defendant

---

[6] To the extent Defendant requests that the Court order a direct transfer to home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020).